IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOSE MANUEL BELTRAN,**

Plaintiff,

v.

**MARION COUNTY SHERIFF
DEPARTMENT, et al.,**

Defendants.

No. 6:23-cv-01912-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendants' Motion for Summary Judgment [15].  For
the reasons stated below, I GRANT in part and DENY in part Defendants' Motion.

## BACKGROUND

Plaintiff Jose Manual Beltran alleges that during his arrest on May 30, 2023, Marion
County officers subjected him to an illegal search and seizure, used excessive force, and illegally
took his property.  Compl. [1] at 6-7.  In particular, he alleges officers violated his constitutional
right to be free from excessive force by tasing him and deploying a police dog, after he had given
up and laid in a prone position.  *Id.*

On January 18, 2024, Plaintiff filed an amended complaint naming individual police
officers Deputy Jacob Stout, Officer Brandon Gould, Officer Joshua Baker, and Officer Daniel
Claxton as Defendants.  Am. Compl. [ECF 4] at 2.  In the amended complaint, Plaintiff asserted
three claims: Claim I alleges Stout conducted an illegal search and seizure on June 11, 2023; Claim
II alleges Gould, Baker, Claxton and his K-9 partner "Ghost" used excessive force on Plaintiff on

1 – OPINION AND ORDER

May 30, 2023, once he was already in the prone position; and Claim III alleges the officers took his property and never returned it between April 22, 2023 and May 12, 2023. *Id.* at 3-4.

I dismissed Plaintiff's amended complaint for failure to state a claim, concluding it was "made up of almost exclusively conclusory allegations." Order [9] at 2-3. I also found that a constitutional claim was not available for his deprivation of property claim because Oregon provides him an adequate remedy in the Oregon Tort Claims Act. *Id.* at 3; *see* O.R.S. 30.260 *et seq.* My Order gave Plaintiff the following instructions if he chose to file a second amended complaint: "(1) name all Defendants in its caption; (2) describe how each named Defendant personally participated in the deprivation of a federal right; (3) not incorporate any prior document by reference; and (5) be on the form provided by the Court." Order [9] at 3-4.

On March 8, 2024, Plaintiff filed a Second Amended Complaint ("SAC") [10] that followed my instructions and included largely the same claims: Claim I alleges Stout conducted an illegal search and seizure; Claims II and III allege officers Gould and Baker used excessive force through tasing; and Claim IV alleges Claxton deployed Ghost after Plaintiff laid in the prone position. *Id.* at 3-5. On an attached page, Plaintiff reiterated the claim that the officers took and never returned his property, which I had already dismissed. *Id.* at 5-6; *see* Order [9] at 4.

I dismissed the SAC in part but allowed Beltran's excessive force Claims II-IV against Gould, Baker, and Claxton. Order [11] at 3. I dismissed Defendants Stout, Frieze, and Roberts because there was no viable claim against them. *Id.* at 2. I found that Beltran's "allegations, though sparse, arguably state Eighth Amendment claims for pleading purposes and may proceed." *Id.* Defendants now move for summary judgment arguing for a full dismissal because the Eighth Amendment only applies to prisoners and Plaintiff was not yet a prisoner at the time of his arrest. Motion [15] at 2.

## LEGAL STANDARD

A party is owed summary judgment as a matter of law if it can show a "lack of a genuine, triable issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); Fed. R. Civ. P. 56(c). A court should "view[] the evidence in the light most favorable to the non-moving party to determine if there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). "The court draws all justifiable inferences in favor of the non-moving party." *Id.* The Ninth Circuit liberally construes pro se pleadings, which applies "with special force to filings from pro se inmates." *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

"The party moving for summary judgment must initially identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008) (cleaned up). "Once the moving party meets its burden, the non-moving party must 'set out specific facts showing a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)(2)).

## DISCUSSION

### I. Defendants' Motion for Summary Judgment

#### A. Defendants' Focus on the Eighth Amendment Does Not Adequately Respond to Plaintiff's Pleadings.

Defendants' Motion for Summary Judgment [15] requests a complete dismissal because Plaintiff was not a convicted prisoner at the time of the alleged excessive force, so the Eighth Amendment is not applicable. Defendants are correct that Eighth Amendment claims are only available to plaintiffs who have been convicted and are in prison during the alleged violations. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment

protections apply only once a prisoner has been convicted of a crime. . . .").  And it is entirely understandable, given the statements in my prior opinion, that Defendants would focus on the Eighth Amendment.  Plaintiff, however, did not specifically tie his constitutional claims to the Eighth Amendment, or any other Amendment.  SAC [10] at 3-4.  While my Order suggested that Plaintiff's allegations could arguably state Eighth Amendment claims, I did not intend to limit the scope of Plaintiff's allegations to *only* Eighth Amendment claims.  Order [11] at 2.

In a single paragraph of argument, Defendants ask for a full grant of summary judgment solely because the Eighth Amendment did not apply to Plaintiff at the time of his arrest.  Motion [15] at 3-4.  Defendants do not address what other constitutional protections could have applied to Plaintiff during his arrest, such as the Fourth Amendment's right to be free from excessive force, for example.  Beltran's allegations of excessive force, construed liberally, may adequately plead a claim under the Fourth Amendment.

First, excessive force claims during an arrest, seizure, or investigatory stop fall under the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386, 394-395 (1989).  "Excessive force claims require (1) a seizure and (2) excessive force" to be adequately pled.  *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024).  Second, whether the force used during the seizure was excessive is governed "by the Fourth Amendment's 'reasonableness' standard."  *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014).  This "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Id.* (internal quotations omitted).  The test is applied from the perspective of "a reasonable officer on the scene" without the benefit of hindsight.  *Id.* at 775.

It is well-established in the Ninth Circuit that "no particularized case law is necessary for a deputy to know that excessive force has been used when a deputy sics a canine on a handcuffed

arrestee who has fully surrendered and is completely under control." *Rosenbaum v. City of San Jose*, 107 F.4th 919, 924 (9th Cir. 2024) (quoting *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994)). The use of a police dog during an arrest when the arrestee did not attack or threaten to attack the arresting officers could lead a "reasonable jury" to "conclude that the force used against [Plaintiff] was excessive." *Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005) (reversing summary judgment because a reasonable jury could find excessive force when a dog was directed to attack the defendant as he lay in a fetal position). "A police officer violates the Fourth Amendment when he or she allows a police dog to continue biting a suspect who has fully surrendered and is under officer control." *Rosenbaum*, 107 F.4th at 926 (affirming denial of summary judgement because "it was clearly established at the time" of the defendant's arrest that allowing a police dog to continue biting a suspect who has surrendered violates the Fourth Amendment.).

In addition, the use of a taser on an arrestee who is "apparently no longer resisting" constitutes excessive force under the Fourth Amendment. *Hyde v. City of Willcox*, 23 F.4th 863, 872 (9th Cir. 2022) (affirming denial of dismissal of excessive force claim against officers who tased a suspect while he did not pose a threat). Once a suspect is "prone and surrounded by multiple officers, there would have been no continuing justification for using intermediate force." *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1130-31 (9th Cir. 2017); *see Bryan v. MacPherson,* 630 F.3d 805, 826 (9th Cir. 2010) (tasers are intermediate force).

Plaintiff alleges that Deputies Gould and Baker tased him excessive times on May 30, 2023, during his arrest. SAC [10] at 3-4. He also alleges that Deputy Claxton deployed his police dog Ghost "after [Beltran] had given up in prone position." *Id.* at 4. Under Ninth Circuit law, these allegations, construed liberally in favor of Plaintiff, may be sufficient for an excessive force

claim under the Fourth Amendment.  *Rosenbaum*, 107 F.4th at 924; *Hyde*, 23 F.4th at 872.  His allegations may also plead other constitutional violations.

Defendants summarily allege "there is no genuine dispute as to any material fact, and Defendants are entitled to judgment as a matter of law," Motion [15] at 2.  Yet, they do not take up any of Plaintiff's pled facts in their Motion or present any other facts to prove that the force used was objectively reasonable.  Defendants as the moving party bear the burden to first identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file" that Defendants "believe demonstrate the absence of a genuine issue of material fact."  *In re Caneva*, 550 F.3d at 761.  They do not cite anything in their Motion to dispute the allegations of excessive force.  Rather, their Motion focuses on establishing the fact that Plaintiff was "not a prisoner at the time of his arrest."  [15] at 4.  Defendants submit two declarations to establish that Plaintiff was arrested on May 30, 2023, charged on May 31, 2023, and indicted on June 2, 2023.  Declarations [16] & [17].  Neither the declarations nor the Motion address any pleadings or facts related to the alleged excessive force.

The material facts here relate to whether officers Gould, Baker, and Claxton used a reasonable amount of force during Beltran's arrest.  Key facts include whether Plaintiff had resisted arrest, whether he was resisting when the officers tased him and trained the dog on him, how many times he was tased, when the dog was directed to attack, whether any warnings were issued, and what injuries he sustained from this alleged excessive force, among others.  Because Defendants failed to dispute or even address any of the facts Plaintiff pled about excessive force, genuine disputes of material fact still exist that preclude summary judgement on Plaintiff's excessive force claim.  "Viewing the evidence and drawing all reasonable inferences in the favor

of [Plaintiff], a jury could conclude that [Defendants] violated [Plaintiff's]" right to be free from excessive force. *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022).

Although Plaintiff has failed to respond to Defendant's Motion, this does not cede the question of whether material facts are disputed because Defendants did not meet their initial burden. *See In re Caneva*, 550 F.3d at 761. If Defendants submit evidence or sworn declarations supporting their decisions to tase and use a police dog on Plaintiff, for example, they will have met their initial burden, and it will pass to Plaintiff to "set out specific facts showing a genuine issue for trial." *Id.* (citing Fed. R. Civ. P. 56).

**II.    Conclusion**

Because my own prior statements likely led Defendants to focus solely on the Eighth Amendment, it seems necessary to allow Defendants another chance to address other possible claims fairly found within Plaintiff's factual allegations. Defendants' Motion is GRANTED as to any Eighth Amendment claim but DENIED in all other respects, without prejudice to file an additional motion for summary judgment, due October 28, 2024. Plaintiff's response is due November 27, 2024.

DATED this ____ day of ~~September~~ Oct., 2024

MICHAEL W. MOSMAN
United States District Judge

7 – OPINION AND ORDER